UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**AMERICAN EQUITY UNDERWRITERS, INC. ET AL.**     CIVIL ACTION

**VERSUS**                                       NO. 06-0055
                                                 C/W 06-1753
**AMERI-FORCE, ET AL.**
                                                 SECTION B(4)

ORDER AND REASONS

Before the Court is Plaintiffs' Motion For Stay Of Cross-Claim And Third Party Claim.  (Rec. Doc. No. 34).  After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiffs' Motion is **GRANTED.**

**IT IS FURTHER ORDERED** that <u>all</u> claims are stayed pending arbitration.

*BACKGROUND*

American Equity Underwriter, Inc. ("AEU") filed this suit as program manager for, and on behalf of, American Longshore Mutual Association, Ltd. ("ALMA") against Ameri-Force, Inc. ("AFI"). ALMA is an insurance mutual association organized under Bermuda law. ALMA provided indemnity insurance for worker's compensation claims under LHWCA to its members.  AFI is a Florida corporation that employs personnel throughout the United States who fall under the Longshore and Harbor Worker's Compensation Act ("LHWCA").  AFI was an insured member under ALMA from July 31, 1998 through July 31, 2000.

1

On February 25, 2005, AFI filed suit against ALMA in state court in Norfolk, Virginia alleging claims of breach of contract, breach of implied covenant of fair dealing and good faith, bad faith, conversion, unjust enrichment, negligence, fraudulent inducement, fraud and conspiracy to commit fraud based on ALMA's denial of LHWCA coverage.  On January 6, 2006, AEU filed suit against AFI seeking reimbursement for claims paid by ALMA and for judgment declaring that ALMA is not liable to AFI under the terms of the Member's Coverage Agreement.  AFI removed the Virginia action to the Eastern District of Louisiana and the individual actions were consolidated as the matter pending before this Court.

AEU and ALMA contend AFI's cross claim and third party claim must be stayed and referred to arbitration pursuant to the arbitration agreement in the Members Coverage Agreement between ALMA and AFI.  Whereas, AFI contends in opposition that AEU and ALMA impliedly waived the right to demand arbitration.  The validity of the arbitration agreement is not disputed.

### DISCUSSION

Article V, Section G of the Members Coverage Agreement between AFI and ALMA provides:

> <u>Arbitration.</u>  If any dispute shall arise between the Members and this Association, either before or after termination of this Coverage Agreement and Certificate of Membership, with reference to the interpretation of theses documents or to the Bye-Laws [sic], or the rights of either party with respect to any transaction under these

>documents, the dispute shall first be referred to the Board.  If the Member does not accept the decision of the Board, the difference or dispute shall be referred to three arbitrators, one to be chosen by each party and the third by the two so chosen.  If either party refuses or neglects to appoint an arbitrator within 30 days after receipt of written notice from the other party requesting it to do so, the requesting party may nominate two arbitrators who shall choose the third.  In the event the two arbitrators do not agree on the selection of the third arbitrator within 30 days after both arbitrators have been named, then the third arbitrator shall be selected pursuant to the commercial arbitration rules of the American Arbitration Association.
>
>The arbitrators shall consider the Coverage Agreement an honorable engagement rather than merely a legal obligation; they are relieved of all judicial formalities and may abstain from following the strict rules of law.  The decision of a majority of the arbitrators shall be final and binding on both us and you and the judgment upon the award rendered by the arbitrators may be entered into any court having jurisdiction thereof.  The expense of the arbitrators and of the arbitration shall be equally divided between you and us.  Arbitration is the sole remedy for disputes arising under this Coverage Agreement.
>
>This Arbitration article shall be construed as a distinct agreement between the parties hereto, separate from the rest of this Coverage Agreement and Certificate of Membership, and its provisions shall be deemed operative even if the validity of any other Article of these documents, or the validity of each document in its entirety, is questioned.

A written agreement to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *Moses H. Cone Memorial*

3

*Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24 (1983)(quoting 9 U.S.C. § 2). When an issue is referable to arbitration pursuant to a written agreement, the court shall stay the trial of the action on application of one of the parties provided the applicant "is not in default in proceeding with such arbitration." 9 U.S.C. § 3.

The contractual right to arbitration can be waived. *Williams v. Cigna Financial Advisors, Inc.*, 56 F.3d 656, 661 (5th Cir. 1995). A waiver may occur when a party "substantially invoke[s] the judicial process to the detriment or prejudice of the other party." *Id*. (quoting *Miller Brewing Co. v. Fort Worth Distrib. Co., Inc.*, 781 F.2d 494, 497 (5th Cir. 1986)). However, a presumption exists against the disfavored finding of waiver of arbitration. *Id*. A party opposing a motion to compel arbitration during pretrial proceedings "necessarily bears a heavy burden in showing waiver." *Price v. Drexel*, 791 F.2d 1156, 1161 (5th Cir. 1986). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Memorial Hospital*, 460 U.S. at 24-25.

In *Williams*, the party seeking arbitration "removed the action to federal court, filed a motion to dismiss, filed a motion to stay proceedings, answered [the] complaint, asserted a counterclaim, and

exchanged Rule 26 discovery." 56 F.3d at 661. Nonetheless, the Court determined that the party seeking arbitration had not substantially invoked the judicial process. *Id.* at 662. Therefore, the Court held that the party seeking arbitration had not waived its right to demand arbitration. *Id.*

Similarly, AEU and ALMA amended their complaint, answered the cross claim and conducted limited discovery. AEU and ALMA did not substantially invoke the judicial process to the detriment or prejudice of AFI. Therefore, the Court finds AEU and ALMA have not waived the right to demand arbitration. Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion is **GRANTED.**

Finding that AEU and ALMA's claims arise out of the Membership Agreement and seek to declare ALMA's rights with regard to the Membership Agreement,

**IT IS FURTHER ORDERED** that <u>all</u> claims in the captioned action shall be administratively closed, for statistical purposes only, without prejudice to the parties' right to reopen the case upon the timely filing of a motion provided said motion shows good cause and is filed within fifteen (15) days after the termination of arbitration proceedings.

New Orleans, Louisiana this 4th day of January, 2007.

UNITED STATES DISTRICT JUDGE